UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| BENJAMIN HASSMAN, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND** |
| vs. | ) | **JURY DEMAND** |
| | ) | |
| UNION PACIFIC RAILROAD CO., | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff Benjamin Hassman, by and through his attorneys, Duff Law Firm, P.L.C., and for his Complaint against the Defendant, Union Pacific Railroad Company, a corporation, states as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against Defendant for violations of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109.

## JURISDICTION

2.     This Court has jurisdiction over this matter pursuant to 49 U.S.C. § 20109(d)(3).

3.     Plaintiff filed a Complaint with the Occupational Safety and Health Administration ("OSHA") on January 21, 2021. OSHA did not issue a final order within 210 days of the filing of Plaintiff's Complaint, and based on information and belief has not issued a final order to date. There has not been any delay due to bad faith on the part of Plaintiff.

4.     Plaintiff now brings this action at law and equity for de novo review.

## VENUE

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of the United States District Court for the Southern District of Iowa, Central Division.

## PARTIES

6.      At all pertinent times herein Plaintiff, Benjamin Hassman, has been a resident of and continues to reside in Polk County, Ankeny, Iowa, at 5203 NW 13th. Street.

7.      Plaintiff started working for Defendant in March 2004.

8.      Defendant, Union Pacific Railroad Company ("Union Pacific"), is and at all pertinent times herein has been a railroad carrier engaged in interstate commerce between the several states of the United States.

9.      Defendant is a foreign corporation registered to do business in the State of Iowa with its registered agent at C T Corporation, 400 E. Court Avenue, Des Moines, Iowa 50309.

10.     At all pertinent times herein Defendant has owned, operated, and maintained trains, tracks, yards, and other equipment and property within the boundaries of the United States District Court for the Southern District of Iowa, Central Division.

## COUNT I

## FEDERAL RAILROAD SAFETY ACT

11.     Plaintiff restates and realleges the preceding paragraphs, incorporating them by reference as if fully set forth herein.

12.     At all times material hereto, Plaintiff has been employed by and worked for Defendant as a locomotive engineer.

13.     At all  times material hereto, Plaintiff's home terminal out of which he worked for Defendant was in Boone County, Boone, Iowa.

14.     A substantial part of the events giving rise to the claim alleged herein occurred in Boone County, Iowa.

15.     Defendant operates a Safety Hotline through which employees are supposed to be able to confidentially report safety issues.

16.     On information and belief, the Safety Hotline is set up such that Defendant's non-management employees do not have access to the identities of those making safety hotline reports.

17.     On or about September 25, 2020, Plaintiff reported in good faith a hazardous safety condition through Defendant's Safety Hotline regarding a lengthy train that had come to a stop in the middle of a town to remove a locomotive.

18.     Plaintiff's good faith Safety Hotline report of or about September 25, 2020, constitutes protected activity under the FRSA.

19.     Daniel Westfall, Manager of Terminal Operations with Defendant, responded to the September 25, 2020, Safety Hotline report on Defendant's behalf. He was unreceptive to Plaintiff's concerns, disagreeing with Plaintiff regarding the handling of the matter, and engaged in an antagonistic relationship with Plaintiff that continued via email.

20.     At all times material hereto, Defendant had in place a face mask policy issued in response to the COVID-19 Pandemic.

21.     On October 27, 2020, Plaintiff made a second Safety Hotline report, reporting in good faith that he had observed multiple employees at three (3) of Defendant's facilities in violation of Defendant's mask policy related to the COVID-19 Pandemic.

22.      As August 24, 2021, the United States has recorded 37,768,911 COVID-19 cases and 626,833 deaths.[1]

23.      "COVID-19 is thought to spread mainly through close contact from person to person, including between people who are physically near each other (within about 6 feet). People who are infected but do not show symptoms can also spread the virus to others."[2]

24.      "People can protect themselves from the virus that causes COVID-19 by…wearing a mask that covers their nose and mouth".[3]

25.      The failure of Defendant's employees to wear masks which is in violation of Defendant's face mask policy constitutes a hazardous safety or security condition.

26.      Plaintiff's October 27, 2020, good faith report to Defendant's Safety Hotline that he had observed multiple employees at three (3) of Defendant's facilities in violation of Defendant's mask policy related to the COVID-19 Pandemic constitutes protected activity under the FRSA.

27.      Plaintiff's October 27, 2020, Safety Hotline report does not contain the names of any of the employees that Plaintiff observed to be in violation of Defendant's face mask policy, and Plaintiff never disclosed their names to Defendant.

28.      In his October 27, 2020, Safety Hotline report Plaintiff does not ask that any of Defendant's employees he observed violating the face mask policy be disciplined, and Plaintiff never made such a request.

---

[1] https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days.
[2] https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html
[3] https://www.cdc.gov/media/releases/2020/s1005-how-spread-covd.html

29.     Subsequent to Plaintiff's October 27, 2020, Safety Hotline report Plaintiff and Westfall continued to communicate back and forth via email regarding their disagreement over the handling of Plaintiff's initial Safety Hotline report regarding the train.

30.     Based on information and belief Westfall conveyed to two (2) of Plaintiff's co-workers that Plaintiff went into Westfall's office, requesting that Defendant discipline its employees for not wearing masks.

31.     Plaintiff never requested that Defendant discipline its employees for not wearing masks.

32.     Based on information and belief Westfall essentially disclosed Plaintiff's identity as the individual that reported that his coworkers were not wearing face masks in violation of Defendant's face mask policy.

33.     Plaintiff did not disclose that he was the individual that made the Safety Hotline report about the face mask violations until after, based on information and belief, Westfall disclosed it.

34.     Based on information and belief Westfall falsely conveyed to Plaintiff's co-workers that Plaintiff had requested that his co-workers be disciplined for not wearing face masks.

35.     Defendant's (Westfall's) disclosing Plaintiff's identity as the individual that reported on Defendant's Safety Hotline that his coworkers were not wearing face masks in violation of Defendant's face mask policy, and falsely conveying to Defendant's co-workers that Plaintiff had requested that his co-workers be disciplined for not wearing face masks constitute adverse action under the FRSA.

36.     Defendant  knew or should have known of Plaintiff's protected activity at the time it undertook the adverse action.

37.     Subsequent to Defendant (Westfall) disclosing to Plaintiff's co-workers that Plaintiff made a Safety Hotline report that his coworkers were not wearing face masks and also conveying to them that Plaintiff had requested that his coworkers be disciplined, Plaintiff has been subjected to offensive comments from his co-workers. Co-worker relationships and friendships have been strained. Plaintiff's co-workers treat him differently. Plaintiff has been ostracized by his co-workers. He has had to resign from his union position.

38.     Defendant's actions set forth herein well might dissuade a reasonable worker from reporting a hazardous safety condition.

39.     Under the FRSA, a railroad carrier "shall not…in any…way discriminate against an employee for -- (A) reporting, in good faith, a hazardous safety or security condition". 49 U.S.C. § 20109(b)(1)(A).

40.     Plaintiff's protected activity described more fully herein was a contributing and motivating factor in Defendant's adverse actions described above.

41.     As a direct result of Defendant's violations of the FRSA Plaintiff has suffered damages, including lost wages, loss of reputation, personal humiliation, mental and emotional anguish and distress, depression, anxiety, expenses for medical care, and pain and suffering, and will suffer such additional damages in the future.

42.     Defendant's actions described herein were willful, intentional and knowingly in violation of the FRSA and therefore warrant punitive damages.

43.     Plaintiff and his co-workers have the right to keep their identities confidential in making Safety Hotline reports.

44.     Defendant's (Westfall's) disclosure of Plaintiff's identity in making a Safety Hotline report threatens this right.

45.     Plaintiff has suffered irreparable harm as a result of Defendant's actions set forth herein and will suffer irreparable harm in the future.

46.     Defendant's employees, including Plaintiff's co-workers, have suffered and will in the future suffer irreparable harm if Defendant is not prevented from disclosing the identities of its employees making Safety Hotline reports, in that, *inter alia*, work-place safety will be significantly adversely affected since Defendant's employees will be reluctant to report safety issues.

47.     An injunction prohibiting Defendant from disclosing the identities of those making Safety Hotline reports will not result in injury to any party.

48.     It is in the public interest that Defendant be prevented from disclosing the identities of those making Safety Hotline reports.

49.     There is not an adequate remedy at law to make Defendant keep the identities of those making Safety Hotline reports confidential.

WHEREFORE, Plaintiff, Benjamin Hassman, prays for Judgment against the Defendant, Union Pacific Railroad Company, and seeks the following relief: compensatory damages for mental and emotional anguish and distress, depression, anxiety, pain, and suffering, personal humiliation, loss of reputation, and medical expenses; back pay, front pay, (lost wages); a permanent injunction prohibiting Union Pacific Railroad Company and its managers from disclosing the identities of those making Safety Hotline reports; costs and attorney's fees in prosecuting this action; and damages to punish Union Pacific Railroad Company for its conduct and to deter it and others like it from similar conduct in the future.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

/s/ THOMAS J. DUFF
THOMAS J. DUFF (AT 0002229)
JIM DUFF
DUFF LAW FIRM, P.L.C.
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, IA 50266
Phone: 515-224-4999
Fax: 515-327-5401
Email: tom@tdufflaw.com
         jim@tdufflaw.com
         wendy@tdufflaw.com

ATTORNEYS FOR DEFENDANT

Original electronically filed.